UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JON JARBOE and MICHAL COOPER**,

    Plaintiffs,

    v.

**ORTHOPEDIC & SPORTS MEDICINE CENTER et al.**,

    Defendants.

Case No. 25-cv-04099-DDC-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Plaintiffs Jon Jarboe and Michal Cooper's Motion for Leave to File First Amended Complaint.  ECF No. 38.  Plaintiffs seek leave to amend their Complaint to "clarify the existing allegations and claims" by more clearly identifying "which claims belong to Jon Jarboe and which belong to Michal Cooper, which factual allegations support each count, and which counts are asserted against which Defendants." *Id.* at 1.  Defendants filed a Response in opposition, ECF No. 41, and Plaintiffs filed a Reply in further support of their Motion.  ECF No. 42.

For the reasons explained below, the Motion for Leave is granted.

## I.    BACKGROUND

### A.    Plaintiffs' Original Complaint

Plaintiffs, proceeding pro se, filed their Complaint against Defendants Orthopedic & Sports Medicine Center ("OSMC"), Bryce Palmgren, M.D., and Amy Haynek, R.N., on October 7, 2025.  ECF No. 1.  Highly summarized, this case arises out of alleged disability discrimination by Defendants regarding the medical care and treatment they provided to Plaintiff Jarboe.  *See*

*generally id.* The Complaint states Plaintiff Jarboe suffers from certain disabilities, including "a traumatic brain injury, orthopedic impairment, and delusional disorder." *Id.* at 2. Plaintiffs claim that an amputation performed on Plaintiff Jarboe by Dr. Palmgren led to a serious infection resulting in two emergency revision amputations by different medical providers. *Id.* at 2-5. Plaintiffs assert that "OSMC staff—including Haynek—repeatedly attributed Jon's symptoms to 'behavioral' or 'mental-health' issues rather than infection, reflecting discriminatory bias and stigma toward his psychiatric disability." *Id.* at 3. As a result, Plaintiffs claim they suffered damages from Defendants' alleged "discriminatory bias toward his disabilities." *Id.* at 5.

Plaintiffs' original Complaint alleges five Counts on behalf of both Plaintiffs: Count I, disability discrimination against all Defendants under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181; Count II, disability discrimination against all Defendants under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Count III, retaliation and interference by all Defendants under 42 U.S.C. § 12203 and 29 U.S.C. § 794; Count IV, Intentional Infliction of Emotional Distress against all Defendants; and Count V, Negligent Hiring, Supervision and Retention against only Defendant OSMC. *Id.* at 5-8.

### B.    Defendant's Motion to Dismiss and Scheduling Order Deadlines

On November 7, 2025, Defendants filed a Motion to Dismiss all five counts of the Complaint due to statute of limitations issues, insufficient service of process, lack of standing, failure to exhaust administrative remedies, and failure to state a claim upon which relief can be granted. ECF No. 7. Defendants ask for dismissal with prejudice and state as "currently pled, Plaintiffs' Complaint is vague, fails to provide the detail and specificity, and fails to offer specific factual allegations to support each claim." *Id.* at 12-13. The Motion to Dismiss is fully briefed and pending before the District Judge.

On December 18, 2026, the Court entered a Scheduling Order setting, among other deadlines, a February 13, 2026 deadline to file motions to amend and a close of discovery deadline of May 15, 2026.  ECF No. 15.  The docket reflects that the parties have engaged in discovery. *See, e.g.,* ECF Nos. 24-32, 37.

On April 16, 2026, Defendants filed a Motion to Stay Proceedings pending a ruling on their Motion to Dismiss, ECF No. 33, which the Court ultimately granted in part.[1]

### C.        Plaintiffs' Motion for Leave

Plaintiffs filed their Motion for Leave to File First Amended Complaint on April 27, 2026. ECF No. 38.  The Motion states in relevant part:

> Good cause exists because Defendants have challenged the clarity of the current pleading, and discovery and motion practice have shown the need to more clearly identify which claims belong to Jon Jarboe and which belong to Michal Cooper, which factual allegations support each count, and which counts are asserted against which Defendants.
>
> The proposed amendment does not arise from a new series of events or new legal theories.  It is based on the same core facts already pleaded, including Defendants' refusal of care, post-operative infection and pain-management issues, communications with outside providers, and disability-based treatment decisions. Plaintiffs seek amendment primarily to clarify the existing allegations and claims, not for delay, bad faith, or unfair surprise.
>
> Defendants will not be unfairly prejudiced because the proposed amendment does not materially alter the underlying factual basis of the case and instead provides a clearer and more organized statement of the same events already at issue.

*Id.* at 1-2.

---

[1]        Defendants' Motion was filed shortly before Plaintiffs filed their Motion for Leave. Finding that the Motion for Leave "could impact the pending Motion to Dismiss and the remaining discovery in this litigation," the Court granted the Motion to Stay Proceedings in part.  ECF No. 40.  The Court entered a temporary stay of the discovery and other remaining deadlines in the Scheduling Order pending a resolution of this Motion.  *Id.*

Because Plaintiffs proceed pro se, they were not required to file a redline version that shows all proposed changes to their original Complaint. *See* D. Kan. Rule 15.1(a)(3). But Plaintiffs' Motion does not describe in detail any of the changes in the amended complaint. *See* D. Kan. Rule 15.1(a)(1) (requiring that the motion for leave must "set forth a concise statement of the amendment or leave sought"). The Court has independently reviewed the proposed amended complaint to analyze these proposed changes. The original Complaint totaled nine pages and the proposed amended complaint totals 13 pages. ECF Nos. 1, 38-1. With regard to the factual allegations, Plaintiffs have reorganized much of the fact section so that it is now in chronological order. *See generally* ECF No. 38-1. Plaintiffs appear to have added details regarding Plaintiff Jarboe's medical conditions, including the purported medical justification for the amputation. *Id.* at 3. There are additional references to communications between Defendant OSMC and Plaintiff Jarboe's primary care physician, including a purported admission by OSMC. *Id.* at 4. And there are additional details regarding the purported harm suffered by both Plaintiffs. *Id.* at 6.

Plaintiffs additionally made changes to the legal section. Instead of five counts, Plaintiffs now allege six. Court IV previously alleged Intentional Infliction of Emotional Distress on behalf of both Plaintiffs. ECF No. 1 at 7. Now, these claims are broken out into separate counts, with Count IV asserted on behalf of just Plaintiff Jarboe and Count V asserted on behalf of just Plaintiff Cooper. ECF No. 38-1 at 9-10.

On April 29, 2026, Defendants filed a Response opposing the Motion. ECF No. 41. Defendants primarily argue that the Motion should be denied because Plaintiffs have not shown good cause pursuant to Rule 16(b)(4) for filing the Motion after the Scheduling Order's February 13, 2026 deadline for any motions to amend. *See generally id.* The Response also states that "allowing amendment after expiration of the scheduling-order deadline would prejudice

Defendants by potentially expanding the scope of the litigation after the parties have already structured discovery and litigation strategy around the operative pleading." *Id.* at 4.

Plaintiffs filed a Reply on May 11, 2026, reiterating that the proposed amended complaint "does not assert new claims, add new parties, or introduce a new theory of the case. It is based on the same core facts, events, and course of conduct alleged in the original Complaint and is intended to present those allegations in a clearer and more organized manner." ECF No. 42 at 1-2. The Reply argues that Defendants cannot demonstrate prejudice because (1) all facts and evidence referenced in the proposed amendment have already been produced in discovery, (2) Defendants have been aware of these facts, documents, and allegations throughout the course of this case, and (3) the amended complaint does not introduce new factual allegations requiring additional discovery or a new theory of defense. *Id.* at 2.

## II.    DISCUSSION

Because Plaintiffs proceed pro se, their "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Where the scheduling order deadline for a motion to amend the pleadings has expired, as is the case here, the party seeking leave to amend must first demonstrate good cause for modifying the scheduling order under Fed. R. Civ. P. 16(b)(4), and if successful, then satisfy the standards for amendment under Fed. R. Civ. P. 15(a)(2). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Johnson v. Unified Gov't of Wyandotte Cnty. & Kansas City*, No. 24-2329-TC-GEB, 2025 WL 1745009, at *2 (D. Kan. June 24, 2025) (describing the "two-step analysis based on both Rule 16(b) and Rule 15(a)" (internal quotation omitted)).

## A.    Good Cause Under Rule 16(b)(4)

Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."   The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that existing scheduling order deadlines "cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). The good-cause standard requires the moving party to provide an adequate explanation for the delay. *Id.*

Good cause may be shown "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.  "A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion." *Singer v. Lagas*, No. 21-CV-2111-JWB-TJJ, 2022 WL 990747, at *2 (D. Kan. Apr. 1, 2022).  "As our Circuit has explained, '[g]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.'"  *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2020 WL 2473706, at *5 (D. Kan. May 13, 2020) (citing *Tesone*, 942 F.3d at 988).

Here, Plaintiffs state good cause exists because "discovery and motion practice have shown the need to more clearly identify which claims belong to Jon Jarboe and which belong to Michal Cooper, which factual allegations support each count, and which counts are asserted against which Defendants." ECF No. 38 at 1.  Plaintiffs additionally state that "Defendants have challenged the clarity of the current pleading." *Id*.  In response, Defendants argue good cause has not been shown because Plaintiffs' Motion "does not explain why the proposed amendments were not sought before the deadline expired or explain why amendment of their Complaint could not have been

6

requested timely" and that the proposed amended complaint "is based on facts known and reasonably available to them before the amendment deadline." ECF No. 41 at 4.

The Court is mindful that Plaintiffs are proceeding pro se and their filings must be liberally construed. After liberally construing Plaintiffs' Motion, the Court finds Plaintiffs have established good cause for their untimely Motion.

The docket reflects Plaintiffs' general diligence throughout this litigation, particularly in light of Plaintiff Jarboe's alleged physical health challenges.[2] Plaintiffs have raised discovery issues with the Court, ECF Nos. 20-21, and have served discovery requests on Defendants. ECF No. 29. Based on Defendants' certificate of service, Defendants responded to Plaintiffs' written discovery requests on April 22, 2026, ECF No. 37, which was just five calendar days before Plaintiffs filed their Motion and well after the February 13, 2026 motion to amend deadline. Plaintiffs disclosed experts on March 17, 2026, ECF No. 24, and supplemented their document productions throughout March and April 2026. *See* ECF Nos. 26, 28, 30, 31-32.

Plaintiffs' Motion could and should have been clearer about exactly when Plaintiffs learned each new fact included in the amended complaint. While Defendants contend that the proposed amendment is based on facts known or reasonably available to Plaintiffs before the amendment deadline, Defendants do not explain or identify this earlier source of information. There is not a single example in Defendants' Response supporting Defendant's assertion that Plaintiffs were on

---

[2] In Plaintiffs' Rule 26 Disclosures, which were submitted to the undersigned's chambers with the proposed scheduling order, Plaintiff Jarboe explains that he "sustained a traumatic brain injury and multiple orthopedic injuries, leading to lasting cognitive and psychiatric impairments, including memory loss, disorientation, and difficulty processing information. These limitations affect his ability to recall events with precision, particularly in relation to the timeline and content of medical communications." While some of the facts Plaintiffs seek to add relate to Plaintiffs' medical conditions, which is information normally may have been within Plaintiffs' possession, custody or control, the Court has incorporated Plaintiff Jarboe's unique physical health issues in its overall analysis of Plaintiffs' diligence.

notice of each and every new fact alleged in the proposed amended complaint prior to the February 13, 2026 deadline. *See generally* ECF No. 41. While Defendants do not have the burden here, it is conspicuous that the Response fails to provide any specificity to counter Plaintiffs' assertion that ongoing discovery is in part the basis for the proposed amended complaint. *See, e.g., Kansas Heart Hosp., LLC v. Smith,* No. 21-CV-1115-KHV-TJJ, 2022 WL 1471367, at *1-3 (D. Kan. May 10, 2022) (finding good cause for an untimely amendment where plaintiff asserted it "learned during recent discovery and investigation that allegations in the current pleading are incomplete and unclear" and defendants could "point to no earlier source of the information").

Defendants concede that the Rule 16(b)(4) good cause standard "does not focus on the bad faith of the movant, or the prejudice to the opposing party[.]" ECF No. 41 at 3. Defendants nonetheless then argue that allowing this amendment "would prejudice Defendants by potentially expanding the scope of the litigation after the parties have already started discovery and litigation strategy around the operative pleadings." *Id.* at 4.

Even if prejudice were relevant to the Rule 16(b)(4) analysis, the Court finds this argument unpersuasive because Plaintiffs have stated, and Defendants do not dispute, that the proposed amendment "does not arise from a new series of events or new legal theories" and "is based on the same core facts already pleaded." ECF No. 38 at 1; ECF No. 41 at 4. The amended complaint does not seek to add new parties or add substantive new legal claims. *See Kansas Heart Hosp., LLC,* 2022 WL 1471367, at *3 (finding "the content of the proposed amendment, which is narrowly focused and does not seek to advance new legal theories, add claims, or join new defendants" relevant when granting an untimely motion to amend). Given this, Defendants do not explain how the scope of litigation would be expanded, specify what additional discovery would be needed, or explain why such discovery could not be accomplished after the Court's temporary

stay on discovery is lifted. *See id.* (rejecting claim of prejudice due to additional discovery being inevitable where defendants did not "indicate which discovery requests or initial disclosures they are referring to, and their sweeping claim of prejudice provides no specific discovery issues for the Court to assess.").

To the extent Plaintiffs assert there is good cause for an amendment because of motion practice, the Court rejects this as a basis for good cause. Although Plaintiffs do not specify the exact motion at issue, the Court interprets this as referring to Defendants' Motion to Dismiss, which is Defendants' only pending motion. The Motion to Dismiss was filed on November 7, 2025. ECF No. 7. If, after reviewing the Motion to Dismiss, Plaintiffs believed that clarification of their allegations would assist the Court, Plaintiffs had 21 days to file an amended complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, Plaintiffs filed an untimely response to that Motion on December 3, 2025. ECF No. 12. On January 5, 2026, Defendants filed their Reply in Support of their Motion to Dismiss. ECF No. 18. By that time, Plaintiffs were on notice as to all of the arguments raised by Defendants and again could have filed a motion to amend then to correct or clarify any issues in the Motion to Dismiss. They did not do so. Plaintiffs' argument that motion practice provides good cause to seek leave to amend more than five months after the Motion to Dismiss was filed is unpersuasive.

But ultimately, because of the unique procedural posture of this litigation, including that Plaintiffs are proceeding pro se and that Plaintiff Jarboe alleges significant physical health issues, the Court finds Plaintiffs have alleged good cause for their untimely request to amend their complaint. Given these unique circumstances, a denial of the Motion would create a substantial risk of unfairness to Plaintiffs. *See, e.g., Borsody v. FedEx Ground*, No. 24-2073-HLT-ADM, 2024 WL 4332074, at *2 (D. Kan. Sept. 27, 2024) ("Borsody has been diligent in prosecuting this case.

9

Particularly given Borsody's pro se status, the court finds that refusing to grant an extension of the motion-to-amend deadline under these circumstances risks unfairness to Borsody. There is good cause to extend the deadline."). For the above reasons, the Court exercises its discretion in concluding that Plaintiffs have established good cause to file their Motion out of time. The Court now turns to whether the proposed amendment should be allowed under Rule 15(a)(2).

### B.      Rule 15(a)(2) Factors

Rule 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule further instructs that courts should "freely give leave when justice so requires." *Id.* "Indeed, Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754–55 (10th Cir. 2018) (internal quotations omitted); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (describing Rule 15's directive to "freely give leave" as a "mandate . . . to be heeded").

Courts "should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denv.,* 397 F.3d 1300, 1315 (10th Cir. 2005)). Thus, "[p]ractically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted." *Wheeler v. Bd. of Directors of Sterling Free Pub. Libr.*, No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Wilkerson*, 606 F.3d 125 at 1267). The decision to grant leave to amend is within the sound discretion of the court. *Johnson*, 2025 WL 1745009, at *2.

10

The Court above discussed Defendants' only argument regarding prejudice.[3]   In their Response, Defendants do not set forth any reasons for why the proposed amended complaint should not be allowed under Rule 15(a)(2) except to argue that Plaintiffs have not established good cause to extend the scheduling order deadline under Rule 16(b)(4).  *See* ECF No. 41 at 4.  Because the Rule instructs courts to freely give leave when justice so requires and to provide litigants the maximum opportunity for cases to be decided on their merits, the Court, in its discretion, will allow Plaintiffs to amend their complaint.  *See Owens v. Kansas City Bd. of Pub. Utilities*, No. 21-2185-KHV-ADM, 2021 WL 5050039, at *2 (D. Kan. Nov. 1, 2021) (explaining that the party opposing a motion to amend generally bears the burden because "in the absence of such a showing, amendment should be allowed.") (citing *Wilkerson*, 606 F.3d at 1267); *Johnson*, 2025 WL 1745009, at *2 ("When exercising its discretion, a court must be 'mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities.'" (internal citations omitted)).

In allowing Plaintiffs to amend their complaint, the Court also takes into consideration Defendants' pending Motion to Dismiss.  Courts in this District often grant motions to amend complaints when pending motions to dismiss are based on failure to state a claim and the proposed amendment appears to be an attempt to remedy that defect.  *See, e.g., Owens,* 2021 WL 5050039, at *1-3 (granting motion to amend complaint that appeared to address issues raised in a motion to dismiss for failure to state a claim); *Briscoe v. Amazon.com, Inc.*, No. 23-CV-2481-TC-TJJ, 2024 WL 1885503, at *1-3 (D. Kan. Apr. 30, 2024) (same); *Robinson v. Wichita State Univ.,* No. 16-CV-2138-DDC-GLR, 2017 WL 735746, at *2-3 (D. Kan. Feb. 24, 2017) (granting motion to

---

[3]    Even if Defendants had raised Rule 15 prejudice arguments, discovery in this litigation is currently stayed and any amended scheduling order can address any need by Defendants to take new discovery related to the amended complaint.

11

amend filed months after motion to dismiss where proposed amended complaint provided additional detail to underlying factual allegations and did not add any new claims, parties, or theories of liability).

These circumstances are present here. Given Plaintiffs' pro se status and Rule 15(a)(2)'s dictate that the "court should freely give leave when justice so requires," the Court finds Plaintiffs' request for leave to amend should be granted. *See Briscoe,* 2024 WL 1885503, at *3 (stating the "Court is also mindful of Plaintiff's status as a pro se litigant" in granting a motion for leave to file an amended complaint that added "numerous factual allegations clarifying [the] claims and requests for relief").

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 38, is **GRANTED**. Plaintiffs must file their First Amended Complaint, ECF No. 38-1 at 1-13, within seven (7) business days from the date of this order.

**IT IS FURTHER ORDERED** that the temporary stay ordered in ECF No. 40 will remain in place until Defendants answer or otherwise respond to the First Amended Complaint. At that time, the Court will assess whether to set a schedule for any remaining case deadlines or whether to continue the stay until resolution of any motion to dismiss that may be pending.

**IT IS SO ORDERED.**

Dated: May 28, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

12